IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MANETIRONY CLERVRAIN,

        Plaintiff,

v.                                            CIVIL ACTION NO. 2:22-cv-00197

MARK HARRIS, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for "total pretrial management and submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1)(B) and the Court's Standing Order (ECF No. 5). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the presiding District Judge (1) **DENY** Plaintiff's pending "Motion for Settlement Agreement Against Secretive Criminals By In[v]oking the National Regulatory Treaties Act" (ECF No. 2), "Motion for Mitigating Financial Burden ('*IFP*') or Constitutional Issues By Massive Issues ['Right Aggravated'] Treatment Act" (ECF No. 3), and "Motion for ['*Opposition(s)*'] or and/or ['*Criminal Intent(s)*'] and/or ['*Malicious*'] Against Freedom of Speech(s), by the ANT(s) Freedom Act ('TAFA')" (ECF No. 4); (2) **DISMISS** this civil action for failure to prosecute; and, further, that (3) a prefiling injunction be imposed upon Plaintiff as a vexatious litigator.

I. **BACKGROUND**

Plaintiff Manetirony Clervrain ("Plaintiff"), who is proceeding *pro se*, initiated this civil action on April 20, 2022, by filing a Complaint that is largely unintelligible. (ECF No. 1.) That same day, Plaintiff also filed three equally-unintelligible motions for relief: a "*Motion for Settlement Agreement Against Secretive Criminals By In[v]oking the National Regulatory Treaties Act*" (ECF No. 2), "Motion for Mitigating Financial Burden ('*IFP*') or Constitutional Issues By Massive Issues ['Right Aggravated'] Treatment Act" (ECF No. 3), and a "Motion for ['*Opposition(s)*'] or and/or ['*Criminal Intent(s)*'] and/or ['*Malicious*'] Against Freedom of Speech(s), by the ANT(s) Freedom Act ('TAFA')" (ECF No. 4).

With the exception of the identity of the named defendants, Plaintiff's Complaint is substantively identical to an earlier complaint he filed on April 4, 2022 in the United States District Court for the District of Nebraska. In that case, Mr. Clervrain was given leave to proceed *in forma pauperis*, and the action was summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2). *See Manetirony v. Fortenberry*, No. 7:22-cv-05003-RGK-PRSE, ECF No. 9 (D. Neb. July 19, 2022). The district court's summary of the complaint is just as apt in this matter:

> Plaintiff Clervrain's Complaint (Filing 1) is unintelligible. In his Complaint, Plaintiff lists strings of real (i.e., the Federal Tort Claims Act) and unreal (i.e., the Ant Library Act) statutory provisions and acts; fails to include any coherent statement of facts from which a plausible claim for relief can be recognized; and neglects to describe the . . . [many] Defendants, their places of residence, their actions or inaction, and how they constitutionally or statutorily harmed Plaintiff."

*Id*. at 1-2. Just as the undersigned noted in Mr. Clervrain's other litigation pending before this Court, the District of Nebraska court observed that Plaintiff "appears to have filed the same incomprehensible pleading naming random current and former governmental

officials in many courts across the country." *Id.* at 2 (citing *Clervrain v. Marin*, 20-CV-925, 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020) (collecting cases)); *See Clervrain v. Erich*, No. 2:22-cv-00163, ECF No. 8 (S.D. W. Va. Oct. 17, 2022) (explaining that "[a]s a result of his litigation misconduct" in hundreds of federal cases across the country, "Mr. Clervrain has been repeatedly and recently warned of, or made subject to, filing restrictions—based upon nonsensical allegations strikingly similar to those in the case at hand"). Finding that Plaintiff's allegations in the nearly-identical complaint that is before this Court were "completely unintelligible and without a factual or legal basis," the District of Nebraska court dismissed the action as frivolous. *Fortenberry*, 7:22-cv-05003-RGK-PRSE, ECF No. 9 at 3 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))).

In addition to maintaining an identical action despite having notice from the District of Nebraska court that his claims are frivolous, in this matter Plaintiff also failed to follow an Order of this Court. Upon commencing this civil action with the Court, Plaintiff neither paid the applicable fees nor sought an exemption by applying to proceed *in forma pauperis*. Accordingly, the undersigned entered an Order on May 6, 2022, directing Plaintiff "to either pay the [applicable] fee[s] . . . or submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs[.]" (ECF No. 6.) Additionally, the Order stated as follows:

> **PLAINTIFF IS FURTHER NOTIFIED** that failure to either pay the fees or submit the application within the 30-day deadline set forth herein shall constitute an abandonment of his claims and result in a recommendation to the presiding District Judge that the complaint be dismissed.

*Id.* at 1. The deadline for Plaintiff to comply was June 6, 2022; however, Plaintiff neither complied with the Court's directive, nor otherwise responded to the Order. To date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Order, has not contacted the Court, and indeed has not made any filing on the record in this case after the date the Complaint and motions were filed on April 20, 2022.

## II. LEGAL STANDARDS

### a. Federal Rule of Civil Procedure Rule 41(b) Dismissal

The Federal Rules of Civil Procedure expressly authorize a defendant to seek dismissal of an action "or any claim against it" when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Id.* at *2 (S.D. W. Va. Sept. 19, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b). *See also Link*, 370

U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")).

The Court must look to the following four factors when considering whether to dismiss an action for failure to prosecute under Rule 41(b):

(1) the plaintiff's degree of personal responsibility;
(2) the amount of prejudice caused the defendant;
(3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
(4) the effectiveness of sanctions less drastic than dismissal.

*Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly[,]" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g., Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas v. Heater*, No. 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

The Court has the authority to restrict vexatious litigants from repeatedly filing frivolous matters without first obtaining leave of court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). *See also Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) ("Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants

federal courts the authority to limit access to the courts by vexatious and repetitive litigants like Cromer."). While "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts," a prefiling injunction is warranted in the "exigent circumstances" where a litigant engages in "continuous abuse of the judicial process by filing meritless and repetitive actions." *Id*. at 817-18. Such "exigent circumstances" unquestionably exist when a plaintiff files a deficient pleading with the Court within mere days of another court's dismissal of a substantively-identical pleading containing the same flaws. *See Emrit v. Bd. of Immigr. Appeals*, 2:22-cv-110, 2022 WL 3594518, at *1 (S.D. W. Va. Aug. 23, 2022). Nonetheless, the prefiling injunction must be narrowly tailored to fit the specific circumstances at issue. *Cromer*, 390 F.3d at 818.

In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id*. [the "*Cromer*" factors].

    **b.**    **Vexatious Litigants**

The Court has the authority to restrict vexatious litigants from repeatedly filing frivolous matters without first obtaining leave of court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). *See also Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) ("Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like Cromer."). While "use of such measures against a *pro se* plaintiff should be

approached with particular caution and should remain very much the exception to the general rule of free access to the courts," a prefiling injunction is warranted in the "exigent circumstances" where a litigant engages in "continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817-18. Such "exigent circumstances" unquestionably exist when a plaintiff files a deficient pleading with the Court within mere days of another court's dismissal of a substantively-identical pleading containing the same flaws. *See Emrit v. Bd. of Immigr. Appeals*, 2:22-cv-110, 2022 WL 3594518, at *1 (S.D. W. Va. Aug. 23, 2022). Nonetheless, the prefiling injunction must be narrowly tailored to fit the specific circumstances at issue. *Cromer*, 390 F.3d at 818.

In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* [the "*Cromer*" factors].

## III. DISCUSSION

### a. Plaintiff's Pending Motions

Each of Plaintiff's pending motions are unintelligible—containing citations to statutes that do not exist, and pieces of phrases that, combined, as the United States District Court for the District of California described, "they are all essentially 'jabberwocky,'" a term for invented, nonsense, or meaningless language. *Marin*, 2020 WL 5408581, at *2.[1] Mr. Clervrain's motions further lack any factual or legal basis, and make

---

[1] For instance, the first sentence of Mr. Clervrain's "*Motion for Settlement Agreement Against Secretive Criminals By In[v]oking the National Regulatory Treaties Act*" is over 500 words in length, stating as follows:

absolutely no ascertainable request for relief. As such, the three motions are frivolous, and the undersigned **RECOMMENDS** that Plaintiff's three motions be **dismissed with prejudice**. *See Hillberry v. Elder*, 5:13-cv-113, 2015 WL 410578, at *9 (N.D.W. Va. Jan. 29, 2015) (denying a motion on finding it to be "frivolous and without merit"); *Curry v. Weiford*, 2:03-cv-115, 2005 WL 8162286, at *2 (N.D.W. Va. Apr. 1, 2005) (denying a plaintiff's motion on finding it to be "frivolous"); *Christian Sci. Bd. of Directors of First*

---

[T]he plaintiff, Manetirony Clervrain, Pro-Se, or The Activist or The Ant or Deportable Alien, as First-Times Offenders, and the term Prompt Notices and Their Expertise Act have the connections for the agencies performance and are solely used to identify the claims to the local courts, when motioned in a singular version, Intellect intent and Congress Intent shall be Known as Synonym and when mentioned together is for the Activist Rights, and his employees, or Management Team shall be known as the Protected Rights for their immediate families to be benefited from the illegal classification as dangerous individuals in concentration camps by restrictive means and excessive, or for declaration of pain for additional reliefs generally refer to these lawsuits as controversies for damages against the defendants who are acting under the color of their authority allegedly violations of the U.S. constitutions by their officials, and for the issuance ordinance under Article I, II, III, and International Covenant on Civil and Political Rights; the United Nation's Universal Declaration of Human Rights; The American Convention on human Rights; or The European Convention for protection of Human Rights, as well as the Customary International Law, or to protect those with the evidence of Brutality against the defendants deprivation of rights, by failure to ratify the various illegal laws, or it is for enforcing public interest by the enforcement of the following laws: National Issues Regulatory Treaties Act; Federal officials Duties Performance Act; Negligence Attorney Right Issues Principal Act; Central Issues Record Treaties Act; Negligence Attorney Privatization Access False Act; State Access General Issues Right Act; Negligence Attorney Treatment Tortuous Act; Neligence Attorney Conflict Issues Contract Act; Treaties Issues Crimes Scene Act; National Association Bar Liability Act; and therefore restricted imposed is questioning intellect intent, with the authority to remove those classified with the status of Exclusion in certain circumstances under Article 15 of the UDHR, or for the court to determine if whether or not to permit the extraordinary circumstances by compelling the facts, or to alter the various illegal judgments as to remain faithful to the intent of the plaintiff controversies and ambiguities alleged consistent with the jurisdictional; authority of the courts accords the country by invoking their power to litigate within congress intent by The Ants Movement Act or in conjunction Mutual Union Domestic Terrorism Act as arguable basis against facial attacks by the various quasi judicial across against his competent litigation's or freely deliberately his speech without restrictions does proving the extend or the continuation of his criminal activities, insofar as it may inquiring for National reliefs or against illegal laws, policies or regulations as evidence support the claims on the merits of these cases to resolve the challenges of various punitive acts established by congress, or in such controversies as evidence to question the defendants misconducts within reason in these cases to resolve a challenge to the laws by these motions for the rules enabling act, which congress authorized in this circumstances presenting to promulgate rules of procedures subject to its review.

(ECF No. 2 at 1-3 (punctuation modified).)

*Church of Christ, Scientist v. Robinson*, 1999-cv-148, 2000 WL 33422739, at *1 (W.D.N.C. July 21, 2000) (denying a motion as frivolous and noting the federal courts' "power and obligation to protect themselves from abusive filing of frivolous and repetitive claims").

### b. Dismissal

The undersigned further **FINDS** that the *Hillig* factors support dismissal pursuant to Rule 41(b) under the particular circumstances of this case. *Hillig*, 916 F.2d at 174. In consideration of the first factor, the delays in this case are attributable solely to the Plaintiff, as the named Defendants have not been required to make an appearance at this stage of the proceedings. Plaintiff has neither remitted any portion of the applicable fees, nor otherwise responded to the Court's Order. Accordingly, he is the sole cause of the subsequent four-month delay in this action. *See Favors v. Hickey*, 1:05-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006). The second *Hillig* factor—the amount of prejudice caused to the defendant—is not present in this case because, as stated above, Defendants have not been required to make an appearance. Thus, this factor does not weigh in favor of dismissal. However, the third *Hillig* factor—the presence of a drawn-out history of deliberately proceeding in a dilatory fashion—does weigh in favor of dismissal. Plaintiff has neither complied with, nor responded to, the undersigned's May 6, 2022 Order directing him to "to either pay the filing fee . . . or submit to the Court a[n] . . . Application to Proceed Without Prepayment of Fees and Costs" by June 6, 2022. (ECF No. 6.)

To date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Order, has not contacted the Court, and indeed has not made any filing on the record. Indeed, after filing this civil action over six months ago on April 20, 2022,

9

Plaintiff has taken *no* steps whatsoever to advance his case. The fourth and final factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal pursuant to Rule 41(b). Where, as here, Plaintiff had express notice that his "failure to either pay the fees or submit the application within the 30-day deadline set forth herein shall constitute an abandonment of his claims and result in a recommendation to the presiding District Judge that the complaint be dismissed," then dismissal is appropriate. *Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). This is particularly so when Plaintiff has not attempted to rectify this deficiency over four months after his deadline to do so.

Nor does Plaintiff's *pro se* status in this matter exempt him from his obligation to comply with the directives of the Court's May 6, 2022 Order and the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013). Not only was Plaintiff afforded express notice in the Court's Order that his failure to comply would result in the recommendation of dismissal, but the Court's operative Pro Se Handbook[2] also explains to *pro se* parties that "[y]ou must either pay the statutory filing fee in full at the time you present your complaint to the Court for filing, or, if you are unable to pay the statutory filing fee, you must submit an Application to Proceed Without Prepayment of Fees and Costs along with your complaint." Pro Se Handbook, at § 5.2.

The Handbook instructs parties that "[i]f you decide to proceed *pro se*, you will be responsible for learning about and following all the procedures that govern the court

---

[2] The Handbook is available on the Court's website, at the following address: https://www.wvsd.uscourts.gov/pdfs/Pro%20Se%20Handbook.pdf.

process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies *pro se* parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Because "[t]here is nothing in the record as it currently stands which would lead the Court to conclude that [Plaintiff] is any more or less legally sophisticated than any other non-lawyer," he should be afforded "the appropriate deference by the Court, but not a free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, the undersigned **RECOMMENDS** that this matter be **dismissed with prejudice**.

    c.    **Prefiling Injunction**

Further, prefiling sanctions are necessary to deter Plaintiff's bad-faith conduct and to protect the public and the Court from further waste of judicial resources. The undersigned therefore recommends that—consistent with numerous other district courts—Plaintiff be declared a "vexatious" litigant and a prefiling injunction be entered to prevent further abusive litigation conduct by the Plaintiff. As set forth above, this Court is authorized to impose such sanctions under the circumstances, because "the All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources." *Cromer*, 390 F.3d at 817.

Moreover, the undersigned **FINDS** that Plaintiff's filings in this case present exigent circumstances that warrant a prefiling injunction under the four "*Cromer*" factors. Turning to the first *Cromer* factor—the party's history of litigation—Plaintiff has filed vexatious, harassing, and duplicative lawsuits that have earned him well-documented prefiling injunctions by multiple Federal District Courts across the United

11

States. The second factor—whether he has a good-faith basis for pursuing the litigation—also weighs in favor of a prefiling injunction, as most of the scores of cases he has filed in federal court "have been dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Clervrain v. Raimondo*, 20-cv-535, 2021 WL 149073, at *1 (D.R.I. Jan. 15, 2021), *report and recommendation adopted sub nom* 2021 WL 1531464 (D.R.I. Apr. 19, 2021). Plaintiff was on notice prior to the time of filing his Complaint that the allegations contained therein were required to be sufficient to allow the Court "to discern what facts he seeks to allege [and] how the named Defendants are liable for any alleged violations of his constitutional rights." *Clervrain v. Lee*, 6:21-mc-108, ECF No. 22 at 5 (M.D. Fla. Jan. 19, 2022), *report and recommendation adopted*, ECF No. 28 (M.D. Fla. Mar. 29, 2022). "But again, Plaintiff nowhere identifie[d] the practices or officials who committed any such practices that would constitute any violations of law," despite the dismissal of another of Plaintiff's strikingly similar complaints by the Middle District of Florida on March 29, 2022—mere days before filing the Complaint in this case. *See id.* Plaintiff's continued conduct in direct contravention to the plan language of numerous courts demonstrates that he lacks a good-faith basis for pursuing this litigation.

The final two factors—the extent of the burden on the courts and other parties resulting from Plaintiff's filings, and the adequacy of alternative sanctions—likewise weigh in favor of a prefiling injunction. Taken together, the burden Plaintiff has imposed on the judicial system has been enormous and incessant. Indeed, just as the Eastern District of Tennessee found, "[a]lthough Mr. Clervrain has only filed two actions in this court, both were . . . frivolous, and Mr. Clervrain's extensive history of filing frivolous complaints in other courts leads the Court to conclude that nothing less than an injunction will be adequate to stop the flow of meritless papers." *In re: Manetirony*

12

*Clervrain*, 1:22-mc-018, ECF No. 1 at 2 (E.D. Tenn. June 23, 2022).

The undersigned therefore **RECOMMENDS** that—consistent with numerous other district courts—Plaintiff be declared a "vexatious" litigant and prefiling injunction be entered by the presiding District Judge prohibiting further abusive conduct by the Plaintiff. In order to impose this sanction, "the court must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008). In order to deter Plaintiff from filing repetitive, duplicative, and frivolous lawsuits in this Court that waste the Court's limited judicial resources and clog its docket with meritless litigation, the undersigned recommends that Plaintiff be enjoined from filing any additional complaints in this Court without contemporaneous submission of either (1) full payment of the applicable fees, or (2) a certification from an attorney in good standing that the allegations set forth in the complaint are supported by a good-faith basis in law and fact. *See Emrit v. Trump*, 1:19-CV-18, 2019 WL 140107, at *5 (Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019).

### IV. RECOMMENDATION

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge order as follows:

(1) That Plaintiff's "Motion for Settlement Agreement Against Secretive Criminals By In[v]oking the National Regulatory Treaties Act" (ECF No. 2) be **DENIED** as frivolous;

(2) That Plaintiff's "Motion for Mitigating Financial Burden (*'IFP'*) or Constitutional Issues By Massive Issues ['Right Aggravated'] Treatment Act" (ECF No. 3) be **DENIED** as frivolous;

  (3)  That Plaintiff's "Motion for ['*Opposition(s)*'] or and/or ['*Criminal Intent(s)*'] and/or ['*Malicious*'] Against Freedom of Speech(s), by the ANT(s) Freedom Act ('TAFA')" (ECF No. 4) be **DENIED** as frivolous;

  (4)  That this civil action be **DISMISSED** with prejudice; and

  (5)  That Plaintiff, as a vexatious litigant, be enjoined pursuant to a narrowly-tailored prefiling injunction against further abusive conduct.

  The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

  Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

    Enter: October 31, 2022

Dwane L. Tinsley
United States Magistrate Judge