```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**MANETIRONY CLERVRAIN,**

    Plaintiff,

v().                                    Civil Action No. 2:22-cv-00197

**MARK HARRIS;**
**JAMIE DIMON,** President of JP Morgan Chase;
**ASHLEY BACON,** Chief Risk Officer;
**LORI A. BEE,** Chief Information Officer at Chase;
**CHARLES W. SCHARF,** Chief Executive at Wells Fargo,

    Defendants.


### MEMORANDUM OPINION AND ORDER

On November 18, 2022, the plaintiff filed the following three self-styled items on the docket of the court:

- ECF No. 8 – Motion for ["National Objection Act"] ("NOA") ["And General Cases Management Act("GCMA") ["Control"] By The Answer Act ("TAA");

- ECF No. 9 – ["Notice for ["Emergency Extension"], ["National Electronic" Filling] Mandated, By Mitigating On Crimes Act ("MOCMA")"]; and

- ECF No. 10 – ["Notice for Trial Courts Act ["TCA"], Or Officials Performance by Compelling Movement on Crimes Mitigating Act ("MOCMA").

"[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court[.]" Chong Su Yi v. Soc. Sec. Admin., 554 F. App'x 247, 248 (4th Cir. 2014) (per curiam) (citing Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989)). A federal court lacks subject matter jurisdiction over obviously frivolous matters. See id. District courts may dismiss frivolous matters sua sponte, and they may need to do so quickly to preserve scarce judicial resources. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000).

As with other filings of the plaintiff, the motion and notices pending before the court are completely unintelligible. They lack discernible factual allegations or claims for relief and are strewn with invented legal authorities and incoherent assertions. Notwithstanding this court's abidance of its obligation to liberally construe the contentions of pro se litigants, see Jehovah v. Clarke, 792 F.3d 457, 464 (4th Cir. 2015), the court finds the pending motion entirely frivolous and without merit. To the extent the plaintiff's two self-styled notices may have been intended as motions upon the court, they are befallen with the same impenetrability, want of basis in fact or law, and utter absence of discernible prayer for relief

as the plaintiff's motion. The plaintiff's notices are therefore also frivolous and without merit.

Accordingly, it is ORDERED that the plaintiff's motion (ECF No. 8) be denied and dismissed with prejudice. Additionally, inasmuch as the two notices were intended as motions upon the court, it is ORDERED that the plaintiff's notices (ECF Nos. 9, 10) be denied and dismissed with prejudice.

The Clerk is directed to forward copies of this written opinion and order to the plaintiff, all counsel of record, and any unrepresented party.

Enter: December 22, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge